# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA

### AT BECKLEY

ROBERT L. JOHNS, Trustee,

        Plaintiff,

v.                                     CIVIL ACTION NO. 5:18-cv-01394

R & D TOWING, INC.,

        Defendant.

### <u>MEMORANDUM OPINION AND ORDER</u>

Pending are Defendant's Motion for Summary Judgment and Plaintiff's Motion for Partial Summary Judgment [Dckt. 26, 28], both filed July 30, 2019. Plaintiff Robert L. Johns, Trustee ("Trustee"), filed a Response on August 18, 2019 [Dckt. 33], and Defendant R & D Towing, Inc. ("R & D") replied on August 20, 2019 [Dckt. 35]. R & D filed a Response on August 18, 2019 [Dckt. 32], and the Trustee replied on August 20, 2019 [Dckt. 34].

### I.

#### A. Facts and Procedural History

This matter arises out of a Chapter 11 bankruptcy case filed by debtor Machinery Transport, Inc. ("MTI"). The case was subsequently converted to a Chapter 7 liquidation case. The Trustee was then appointed to administer the Chapter 7 case. The Trustee initiated an adversary proceeding on behalf of MTI against R & D alleging breach of contract, negligence, and destruction of property. The undisputed facts are as follows.

R & D is a towing business with an office, garage, and impound lot located in White Sulphur Springs near Howard's Creek. MTI stored personal property and equipment on R & D's

property. At all relevant times, both R & D and MTI were owned by Mr. Ronald Cook. On June 23, 2016, catastrophic flooding occurred in White Sulphur Springs, as well as other areas in southern West Virginia. Upon observation that Howard's Creek was rising, Mr. Cook moved MTI's equipment within an "insured area" of the property. Thereafter, Mr. Cook left R & D to assist his neighboring business owner with placing sandbags around the doors of her restaurant. Mr. Cook then went to Lowe's to purchase additional sandbags but was unable to return to the restaurant due to the high flood waters. R & D's property flooded, and MTI's equipment was damaged as a result. After the flood, MTI requested compensation from R & D for the damaged equipment, which R & D denied.

On May 16, 2018, the Trustee initiated this proceeding on behalf of MTI against R & D alleging breach of contract, negligence, and destruction of property. Specifically, the Trustee alleged that R & D had a duty to exercise ordinary care for the safety and security of MTI's equipment and failed to exercise such care, which caused MTI to suffer injury and damages. The Trustee sought damages for the injury to MTI's equipment, as well as the loss of use and market value of the equipment.

On July 30, 2019, R & D and the Trustee filed cross-motions for summary judgment. R & D moved for summary judgment on the grounds that there is no genuine issue of material fact and that it is not liable for the damages to MTI's equipment. The Trustee moved for partial summary judgment on the grounds that there is no genuine issue of material fact and that R & D is liable for the damages to MTI's equipment as a matter of law.

## II.

### A.    Governing Standards and Analysis

Federal Rule of Civil Procedure 56 provides that summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the nonmoving party to show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "The nonmoving party must do so by offering 'sufficient proof in the form of admissible evidence' rather than relying solely on the allegations of her pleadings." *Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 216 (4th Cir. 2016) (quoting *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993)). The Court must "view the evidence in the light most favorable to the [nonmoving] party." *Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (internal quotation marks omitted); *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018).

When faced with cross-motions for summary judgment, the Court applies the above standard and must consider "each motion separately on its own merits to determine whether either of the parties deserves judgment as a matter of law." *Rossignol v. Voorhaar,* 316 F.3d 516, 523 (4th Cir. 2003) (internal quotation marks omitted). "The court . . . cannot weigh the evidence or make credibility determinations." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015); *see also Lee v. Town of Seaboard*, 863 F.3d 323, 327 (4th Cir. 2017). In general, if "an issue as to a material fact cannot be resolved without observation of the demeanor of witnesses in order to evaluate their credibility, summary judgment is not appropriate" Fed. R. Civ. P. 56 advisory committee's note to 1963 amendment.

Bailment is created by operation of law when there is "a delivery of the property for safe-keeping by the bailor, and an acceptance thereof by the bailee." *Barnette v. Casey*, 124 W. Va. 143, 146, 19 S.E. 2d 621, 623 (1942). In negligence actions involving bailment, the Supreme Court of Appeals of West Virginia has observed as follows:

> In an action involving a bailment for hire proof by the bailor of delivery of the property to the bailee and of his failure to redeliver it upon legal demand establishes a prima facie case of negligence upon the part of the bailee and the burden of going forward with the evidence shifts to the bailee to show that his failure to redeliver was without his fault or negligence; but the burden of proof does not shift with the evidence but rests upon the bailor who must establish the negligence of the bailee by a preponderance of all evidence.

Syl. Pt. 1, *Prettyman v. Hopkins Motor Co.,* 139 W. Va. 711, 81 S.E.2d 78 (1954). "The bailor is not required to show that the loss of property was caused by the negligence of the bailee until after the bailee has introduced evidence to show that such loss was due to an excusable cause." *Id.* 139 W. Va. at 723, 81 S.E.2d at 84. Finally, when asserting a negligence claim, "[a] party in a tort action is not required to prove that the negligence sought to be charged with an injury was the sole proximate cause of an injury." Syl. Pt. 2, *Mays v. Chang,* 213 W. Va. 220, 579 S.E.2d 561 (2003).

"[A]n 'Act of God' is such an unusual and extraordinary manifestation of the forces of nature that it could not under normal conditions have been anticipated or expected." *In re Flood Litigation*, 216 W. Va. 534, 548, 607 S.E.2d 863, 877 (2004) (quoting *State ex rel. Summers v. Sims,* 142 W.Va. 640, 645, 97 S.E.2d 295, 299 (1957)). "No liability attaches to anyone for damages sustained by reason of the acts of God and the forces of nature, but a party whose wrongful acts co-operate with, augment or accelerate those forces to the injury of another is liable in damages therefor." *Id.* 216 W. Va. at 549, 607 S.E.2d at 878 (quoting Syl. Pt. 1, *Williams v. Columbus Producing Co.,* 80 W. Va. 683, 93 S.E. 809 (1917)). Thus, "[f]or an act of God to constitute a valid defense and exonerate one from a claim for damages, it must have been the sole

cause, and not just a contributing cause of the injuries or damages sustained." Syl. Pt. 3, *Adkins v. City of Hinton*, 149 W.Va. 613, 142 S.E.2d 889 (1965). Additionally, the Supreme Court of Appeals of West Virginia has held as follows:

> [W]here a rainfall event of an unusual and unforeseeable nature combines with a defendant's actionable conduct to cause flood damage, and where it is shown that a discrete portion of the damage complained of was unforeseeable and solely the result of such event and in no way fairly attributable to the defendant's conduct, the defendant is liable only for the damages that are fairly attributable to the defendant's conduct.

*In re Flood Litigation*, 216 W. Va. at 550, 607 S.E.2d at 879. In the instant case, the Trustee asserts the storage of MTI's equipment on R & D's property created a bailment, with MTI being the bailor and R & D being the bailee, and that R & D's failure to return the equipment is *prima facie* evidence of negligence. The Trustee further asserts that the act of God defense is inapplicable and does not excuse R & D from liability inasmuch as the flood was not the sole cause of damage to MTI's equipment. Specifically, the Trustee asserts that Mr. Cook's action to move the equipment within the "insured area" of R & D's property, but not to actual safety, contributed to the damage of MTI's equipment. As such, the Trustee asserts that Mr. Cook's conduct was negligent because if the property had been moved beyond the "insured area," it would not have been damaged.

On the other hand, R & D argues that the June 23, 2016, flood was so unusual and extraordinary that it could not have been expected, rendering it an act of God for which R & D cannot be held liable. The Trustee responds that the flood was not unexpected as evidenced by Mr. Cook's actions to assist his neighboring business owner with sandbags and to relocate MTI's equipment within an insured area of R & D's property due to the rising creek. R & D further notes that the unforeseeable nature of the flood extinguished any duty R & D owed to MTI. Moreover, R & D contends that there was no damage done to MTI's equipment that was attributable to any

other cause aside from the flood itself. Thus, R & D asserts that inasmuch as the flood was unexpected and the sole cause of damage to MTI's equipment, R & D is not liable for the damage to MTI's property under the act of God defense.

Reduced to its essence, the parties differ respecting whether the flood was the sole cause of damage to MTI's equipment or, instead, whether Mr. Cook's actions contributed to the equipment's damage. Furthermore, the parties differ concerning whether the flood was unexpected. These irreducibly factual questions preclude summary judgment.

**III.**

Based on the foregoing discussion, **IT IS ORDERED** that R & D's Motion for Summary Judgment and the Trustee's Motion for Partial Summary Judgment [Dckt. 26, 28] be, and hereby are, **DENIED**. Trial will proceed as scheduled.

ENTERED:     December 30, 2019

Frank W. Volk
United States District Judge