# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF WEST VIRGINIA

## AT BECKLEY

ROBERT L. JOHNS, Trustee,

    Plaintiff,

v.              CIVIL ACTION NO. 5:18-cv-01394

R & D TOWING, INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Pending is Defendant R & D Towing, Inc.'s ("R & D") Motion to Disqualify the undersigned from presiding over this matter, filed January 7, 2020. [Doc. 55]. On January 10, 2020, Plaintiff Robert L. Johns, Trustee responded. [Doc. 58]. R & D replied on January 21, 2020. [Doc. 59].

## I.

This matter arises out of a Chapter 11 bankruptcy case filed by debtor Machinery Transport, Inc. ("MIT"). The case was subsequently converted to a Chapter 7 liquidation case. The undersigned presided over the bankruptcy matter prior to his appointment to the United States District Court for the Southern District of West Virginia. Mr. Johns initiated an adversary proceeding on behalf of MTI against R & D. On July 30, 2018, R & D filed a Motion to Dismiss or In the Alternative Motion to Withdraw Reference and Request for a Jury Trial. Subsequently, both parties agreed to withdraw and/or transfer the matter to the United States District Court for the Southern District of West Virginia. On October 31, 2018, the Honorable Irene C. Berger, United States District Judge, granted the Joint Motion to Withdraw the Reference and assumed

jurisdiction over the proceeding for all purposes. On October 29, 2019, this matter was reassigned from the docket of the Honorable Irene C. Berger to the docket of the undersigned following his appointment as United States District Judge for the Southern District of West Virginia.

On January 7, 2020, R & D filed its Motion to Disqualify the undersigned from presiding over this matter. R & D asserts that recusal is appropriate inasmuch as Mr. Johns served as the bankruptcy trustee to represent MTI's estates in its bankruptcy proceeding before the undersigned and has served in such a capacity in "countless other bankruptcies pending before him in his prior role as a bankruptcy judge." R & D contends that Mr. Johns' "elevated position" as a regularly appointed trustee comes with great trust and faith, if not deference, from the undersigned. As such, R & D asserts that an "objective lay observer who is aware of these facts could not but harbor substantial doubt about the impartiality of this Honorable Judge . . . in this litigation."

Mr. Johns responds that R & D's position is without merit given that its motion is premised on the undersigned's judicial conduct, as opposed to his personal conduct. Additionally, Mr. Johns asserts that the timing of R & D's recusal motion is suspect given that it waited over two months to file the same and only did so after the Court denied summary judgment to both parties. Accordingly, Mr. Johns contends that recusal is inappropriate and R & D's motion should be denied.

In its reply, R & D reasserts that a reasonable person could rationally doubt the undersigned's impartiality inasmuch as on numerous occasions, Mr. Johns has served in a position as trustee where his personal judgment and representations have been afforded great trust and deference. Further, R & D contends that its motion is timely given that the motion was made only ten weeks from the undersigned's assignment to the case.

1

## II.

Pursuant to 28 U.S.C. 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." "Disqualification is required if a reasonable factual basis exists for doubting the judge's impartiality." *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987) (citing *Rice v. McKenzie*, 581 F.2d 1114, 1116 (4th Cir. 1978)). The proper inquiry to be applied is "whether the judge's impartiality might be questioned by a reasonable, well-informed observer who assesses all the facts and circumstances." *Newport News Holdings Corp., v. Virtual City Vision, Inc.*, 650 F.3d 423, 433 (4th Cir. 2011) (quoting *United States v. DeTemple*, 162 F.3d 279, 286 (4th Cir. 1998)). Absent extraordinary circumstances, "a nonjudicial source must be present to raise the appearance of impropriety." *United States v. Morris*, 988 F.2d 1335, 1337 (4th Cir. 1993). Simply put, "[t]he nature of the judge's bias must be personal and not judicial." *Beard*, 811 F.2d at 827. Additionally, a reasonable observer "is not a person unduly suspicious or concerned about a trivial risk that a judge may be biased." *DeTemple*, 162 F.3d at 287.

A judge is not, however, required to recuse himself simply because of "unsupported, irrational, or highly tenuous speculation." *DeTemple*, 162 F.3d at 287. Further, "[a] judge is not disqualified because his familiarity with the facts of a case stem from judicial conduct in presiding over earlier proceedings." *Beard*, 811 F.2d at 827 (citing *United States v. Parker*, 742 F.2d 127 (4th Cir. 1984)).

First, the Motion to Disqualify reflects an outmoded view respecting the nature of the Chapter 7 bankruptcy trustee's role. The following observation is apropos:

> The Bankruptcy Reform Act of 1978 removed the bankruptcy judge from the responsibilities for day-to-day administration of cases. Debtors, creditors, and third parties litigating against bankruptcy trustees were concerned that the court, which previously appointed and supervised the trustee, would not impartially adjudicate

2

> their rights as adversaries of that trustee. To address these concerns, judicial and administrative functions within the bankruptcy system were bifurcated.

United States Dep't of Justice, Handbook for Chapter 7 Trustees 1-1 (2012); *see also id.* at 6-1 ("The United States Trustee establishes, maintains, and supervises panels of chapter 7 trustees, and monitors and supervises the administration of cases under chapter 7 of the Bankruptcy Code."); *Kayo v. Fitzgerald*, 91 F. App'x 714, 716 (2d Cir. 2004) ("While the basis for the Trustee's acceptance of the settlement is certainly relevant, we remain concerned that the Bankruptcy Court may have simply deferred to the Trustee's judgment instead of independently exercising its discretion in evaluating the reasonableness of the $150,000 settlement."); *In re Stubbs*, 565 B.R. 115, 128 (B.A.P. 6th Cir. 2017) ("Bankruptcy courts must, of course, adjudicate all necessary legal determinations within their jurisdiction, but defer to the legally valid, discretionary administrative decisions of Chapter 7 trustees as authorized under 11 U.S.C. § 704."). While it is true that some deference is due a trustee in the exercise of his or her business judgment, that corollary does not arise from bankruptcy judges generally reposing trust in the statutory fiduciary. It is instead designed to provide the trustee greater flexibility, *without* unwarranted second-guessing from the bankruptcy court. From a real-world perspective, bankruptcy judges at times agrees with the trustee's recommendation and, at other times, disagrees therewith.

Second, while the Court understands and appreciates the movant's concerns, there is presently no factual basis for a reasonable, well-informed observer who assesses all the facts and circumstances of this matter to reasonably question the undersigned's impartiality. R & D's alleged bias of the undersigned is not predicated on any nonjudicial source that would raise the appearance of impropriety. To the contrary, R & D contends that the appearance of impartiality arises from the undersigned's judicial conduct during his time as bankruptcy judge inasmuch as he has afforded Mr. Johns, acting in his position as bankruptcy trustee, the statutory deference

3

Congress and precedent requires. At no point has R & D alleged any personal conduct of the undersigned that would leave a reasonable observer to conclude that he is biased in favor of Mr. Johns. If such conduct exists, the Court invites the movant to supplement the Motion to Disqualify so the matter might be addressed with specificity. Inasmuch as the suggested bias is unsupported, however, recusal is unwarranted. Furthermore, given that no basis for recusal exists, the timing of R & D's motion is immaterial.

Accordingly, the Court **DENIES** R & D's Motion to Disqualify [**Doc. 55**]. The Court **DIRECTS** the Clerk to deliver a copy of this Order to all counsel of record and any unrepresented parties.

ENTERED: March 10, 2020

Frank W. Volk
United States District Judge