**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT BECKLEY**

ROBERT L. JOHNS, Trustee,

        Plaintiff,

v.

                                    CIVIL ACTION NO.  5:18-cv-01394

R & D TOWING, INC.,

        Defendant.

**<u>MEMORANDUM OPINION AND ORDER</u>**

        Pending are Defendant R & D Towing, Inc.'s (R&D) Renewed Motion in Limine #2 to Exclude Plaintiff from Presenting Evidence of Certain Damages and Motion to Strike the Newly Disclosed Opinions of Mr. McGaffee [Doc. 83] and Defendant R&D's Renewed Motion in Limine #3 to Exclude Plaintiff from Presenting Evidence of Contract [Doc. 84], filed August 19, 2020.

**I.**

**A.**       **Evidence of Certain Damages**

        R&D contends that Mr. Johns should be precluded from presenting evidence of various damages inasmuch as he has failed to present substantiating evidence of the damages alleged to Machinery Transport's equipment. Mr. Johns responds that R&D's motion is essentially a motion to compel and/or a motion in aid of discovery. Mr. Johns asserts that inasmuch as R&D never sought to compel the evidence it now seeks to exclude, R&D has waived its complaints. Nevertheless, Mr. Johns contends that he properly disclosed and supported his damages.

### 1. Miscellaneous Tools and Small Equipment Damages

R&D first moves to prevent Mr. Johns from presenting evidence of any damages to the "miscellaneous small tools and equipment" noted in Mr. Johns' discovery responses. R&D contends that this description fails to identify this category of equipment with sufficient specificity and that Mr. Johns failed to evaluate the purported damages to the same in written discovery. Mr. Johns responds that R&D could have filed a motion to compel and/or a motion in aid of discovery if it felt his responses were deficient. Inasmuch as R&D failed to file any such motion within thirty (30) days after the discovery responses were due, Mr. Johns asserts that R&D's complaints are deemed waived pursuant to the Local Rules. *See* LR Civ. P. 37.1(c).

*Federal Rule of Civil Procedure* 26(a)(1)(A)(iii) provides that a party must provide to other parties "a computation of each category of damages claimed by the disclosing party – who must also make available . . . the documents or other evidentiary material . . . on which each computation is based, including material bearing on the nature and extent of injuries suffered." Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." Simply put, if a plaintiff fails to disclose to the defendant a computation of each category of damages claimed as required by Rule 26(a), exclusion of such evidence is warranted under Rule 37(c) unless such failure was substantially justified or harmless.

The Court notes that any such computation of damages to the "miscellaneous other tools and small equipment" should have been the subject of a motion to compel. Nonetheless, the Court finds that the alleged damages to the same were inadequately identified by Mr. Johns in discovery. Indeed, nowhere in the discovery responses does Mr. Johns identify this category of

2

tools and equipment beyond the above-quoted language, nor does it appear that he provided a computation of the damages therefor. Inasmuch as Mr. Johns failed to disclose a proper calculation of damages for this category of tools and small equipment, and his failure is neither substantially justified nor harmless, exclusion is warranted.

Accordingly, the Court **GRANTS** R&D's motion respecting the exclusion of evidence at trial pertaining to damages to the "miscellaneous other tools and small equipment."

### 2. Loss of Use Damages

R&D next moves to prevent Mr. Johns from presenting any evidence pertaining to the alleged loss of use damages inasmuch as he failed to present evidence supporting the same in discovery. Specifically, R&D contends that Mr. Johns failed to identify the dates MTI could not use its equipment, and the work MTI was unable to perform as a result of the damage caused by the flood. R&D asserts that no such damages exist given that Mr. Johns admitted in discovery that MTI was not in business at the time but was instead in the process of liquidating pursuant to Chapter 7 of the United States Bankruptcy Code. Thus, R&D contends evidence regarding Mr. Johns alleged loss of use damages should be excluded.

Mr. Johns indeed failed to disclose a computation for the alleged loss of use damages as required by Rule 26(a) and such failure was not substantially justified or harmless. When asked to detail the loss of use damages in written discovery, Mr. Johns simply stated "as a result of the flood, [MTI] was unable to use the equipment although they were not in business at the time." Such response is insufficient. Accordingly, the Court **GRANTS** R&D's motion respecting the exclusion of evidence regarding loss of use damages at trial.

### 3. Repair Damages

R&D next moves to prevent Mr. Johns from introducing any evidence pertaining to damages for equipment repairs. R&D again contends that Mr. Johns failed to produce evidence to support his claim for repairs to MTI's equipment. R&D asserts that while Mr. Johns referenced three invoices for services/repairs submitted by R&D for payment by the Trustee in MTI's bankruptcy, two of the three invoices are for services rendered prior to the flood. As such, R&D contends that Mr. Johns appears to be assuming that any repairs made to the equipment were due to the flood, which is insufficient to substantiate the damages claim.

The subject invoices have not been provided to the Court. There is thus no basis for an informed ruling presently. Accordingly, the Court **DENIES** without prejudice R&D's motion respecting the exclusion of evidence regarding the alleged repair damages.

### 4. Loss of Market Value Damages

R&D moves to exclude any evidence or testimony related to Mr. Johns' alleged loss of market value damages. R&D contends that Mr. Johns (1) failed to sufficiently specify the equipment that lost value due to the flood, and (2) violated Rule 26(a)(2) by failing to properly disclose expert testimony. Specifically, R&D asserts that Mr. Johns' expert witness disclosure identifying Mr. McGaffee, a licensed auctioneer expected to testify as to the equipment's value, is deficient as "it contained no expert report, no explanation of the subject matter on which the witness is expected to testify, and no summary of the facts and opinions to be contained within such testimony."

Mr. Johns responds that he specifically identified the ten pieces of damaged

4

equipment and provided photographs of the same. Additionally, Mr. Johns contends that he properly disclosed Mr. McGaffee as a potential expert witness as required by Rule 26(a)(2) and provided Mr. McGaffee's opinion as to the value of the ten pieces of equipment based upon his experience as an auctioneer and his inspection of the equipment. Mr. Johns further contends that Mr. McGaffee is also a lay witness and may offer an opinion pursuant to *Federal Rule of Evidence* 701 given that he has personal knowledge, and his testimony is based upon his knowledge and involvement as an auctioneer.

    *Federal Rule of Civil Procedure* 26(a)(2) recognizes two categories of expert witnesses. The first category identified in Rule 26(a)(2)(B) includes witnesses that are "retained or specially employed to provide expert testimony in the case or whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P 26(a)(2)(B). The second category includes witnesses known as "hybrid witness," who are not retained or specially employed for litigation, but still happen to be experts under Rule 26(a)(2)(C). *See Sullivan v. Glock, Inc.*, 175 F.R.D. 497, 500 (D.Md. 1997); *Goldman v. Phillips & Son Drilling*, Inc., No. 3:13-cv-152, 2014 WL 2573314, *2 (N.D.W. Va. June 9, 2014). "Expert witnesses designated under Rule 26(a)(2)(B) are required to submit a detailed written report of the opinions they intend to offer at trial, while witnesses designated under Rule 26(a)(2)(C) are not required to submit a written report." *Ramaco Resources, LLC v. Federal Insurance Company*, No. 2:19-cv-00703, 2020 WL 5261320, *3 (S.D.W. Va. Sep. 3, 2020). "A witness is a hybrid/fact expert witness when testimony is given arising out of personal observations made in the normal course of duty." *McNulty v. Casero*, No. SAG-16-2426, 2020 WL 609853, *2 (D.Md. Feb. 7, 2020) (internal quotations omitted); *see also Ramaco Resources*, 2020 WL 526130, at *3 (noting "[t]he distinguishing characteristic between expert opinions that require a report and those that do not is

whether the opinion is based on information the expert witness acquired through percipient observations or whether, as in the case of retained experts, the opinion is based on information provided by others or in a manner other than by being a percipient witness to the events in issue.")

Mr. Johns specified the alleged damaged equipment to a reasonable degree. Indeed, he identified the ten pieces of equipment by make, model, year, and VIN number in his discovery responses and expert witness disclosure. Second, the Court concludes that Mr. McGaffee is an expert witness of the hybrid nature given that he is the licensed auctioneer who valued and sold the equipment at issue. He is thus not subject to the report requirements under Rule 26(a)(2)(A). Instead, he is subject to the requirements of Rule 26(a)(2)(C), requiring disclosure of (1) "the subject matter on which [he] is expected to present evidence under Federal Rule of Evidence 702, 703, or 705," and (2) "a summary of the facts and opinions to which [he] is expected to testify." F. R. Civ. P. 26(a)(2)(C)(i)-(ii).

Mr. Johns' initial expert disclosure identified Mr. McGaffee as a licensed auctioneer "expected to testify as to the value of the equipment stored by [MTI] at [R&D's] location and which was flooded on or about June 23, 2016." [Doc. 82-2]. The disclosure went on to recite a list of the ten pieces of damaged equipment, accompanied by each piece of the equipment's opined value[1] "[b]ased upon [Mr. McGaffee's] experience as an auctioneer regarding valuation of vehicles and his inspection of the subject vehicles." [*Id.*]. Mr. Johns thus properly disclosed Mr. McGaffee as an anticipated expert witness under Rule 26(a)(2)(C).

Accordingly, the Court **DENIES** R&D's motion insofar as it seeks to exclude any evidence or the expert testimony of Mr. McGaffee related to the loss of market value damages.

---

[1] The listed purported value is now known to be the amount each piece of equipment was sold for at auction as clarified in Mr. Johns' Amended Expert Witness Disclosure.

6

**B.      Motion to Strike Opinions of Mr. McGaffee**

On July 15, 2020, Mr. Johns filed an Amended Disclosure of Expert Witness regarding Mr. McGaffee. [*See* Doc. 83-3]. R&D contends that the amended disclosure is untimely and constitutes gamesmanship and delay. Specifically, R&D contends that while supplementation of expert reports is permitted, Mr. Johns' amended disclosure is untimely pursuant to Rule 26(e)(2) inasmuch as it was filed seven months after his Rule 26(a)(3) disclosures were due. R&D further asserts that the amended disclosure is an uncurable surprise that cannot be justified.

Mr. Johns responds that he disclosed Mr. McGaffee as both an anticipated fact and expert witness in his (1) Rule 26(a)(3) disclosure, (2) responses to R&D's interrogatories and production requests, and (3) expert witness disclosure. Mr. Johns asserts he amended the initial expert disclosure to provide R&D "with a more detailed determination how the damage value was determined by Mr. McGaffee and which he will testify." [Doc. 86 at 4]. Mr. Johns contends that Mr. McGaffee will simply provide testimony as both a fact and expert witness regarding the value of the damaged equipment prior to the flood, the sale value of the same at auction, and the difference therein. Mr. Johns notes that this amended disclosure was made sixty (60) days prior to trial date, and R&D has had adequate time to depose Mr. McGaffee if desired.

R&D replies that Mr. McGaffee was retained as part of the administration of the bankruptcy estate of MTI to auction off some or of the equipment that was allegedly damaged during the flood in order to convert the same into liquid assets. As such, R&D asserts that there is no indication that the alleged loss of value sustained to the equipment was part of Mr. McGaffee's consideration when converting it to liquid assets for purposes of the bankruptcy case. R&D thus contends that Mr. McGaffee's opinions regarding loss of value are not lay opinions rationally based on his perceptions but are instead based on technical and specialized knowledge. R&D

asserts that it appears "that Mr. McGaffee undertook a study of data relating to the value of each such piece of equipment, based upon its condition immediately prior to the flood, and any diminution in value of said equipment, immediately following the flood, many, many months later when Mr. Johns was faced with a Motion in Limine to exclude this element of damage." [Doc. 90 at 5]. R&D thus contends that Mr. Johns' "eleventh hour" disclosures of Mr. McGaffee's additional opinions should be struck.

        *Federal Rule of Civil Procedure* 26(e) governs the supplementation of disclosures. Rule 26(e)(1)(A) generally provides that a party must supplement or correct a disclosure made under Rule 26(a) "in a timely manner if the party learns that in some material respect the disclosure . . . is incomplete or incorrect." Rule 26(e)(2) provides that for experts required to disclose a report under Rule 26(a)(2)(B), "the party's duty to supplement extends to information included in the report . . . [a]nd any additions or changes to this information must be disclosed by the party's pretrial disclosures under Rule 26(a)(3) are due." If a party fails to disclose information as required by Rule 26(a) or 26(e)(1), or to amend a prior discovery response under Rule 26(e)(2), the same is generally excluded unless such failure was substantially justified or harmless. *See* F. R. Civ. P. 37 (c)(1). Our Court of Appeals has identified five factors in determining whether nondisclosure of evidence is substantially justified or harmless: (1) surprise to the opposing party; (2) the ability to cure that surprise; (3) the extent of the disruption at trial; (4) explanation for the supporting party's failure; and (5) importance of the testimony. *See S. States Rack & Fixture, Inc., v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003).

        Regardless of the precise date Mr. Johns was required to supplement his initial expert witness disclosures, it is fair to conclude that his amendments to the same were not done in a "timely manner." Nonetheless, Mr. Johns' late-rising amendments to Mr. McGaffee's expert

8

witness disclosure were ultimately harmless under the factors listed above.

As to the first factor, any surprise R&D suffered as a result of the amended disclosure is minimal. R&D knew that Mr. Johns planned to utilize an expert to offer testimony as to the alleged loss of value damages from the outset as indicated by Mr. Johns in his discovery responses. Mr. Johns then timely disclosed Mr. McGaffee as that expert. The initial disclosure is somewhat vague insofar as it lists each piece of equipment accompanied by a monetary value without specifying what those values represent. The amended disclosure, however, does no more than clarify those amounts as the price each piece of equipment was sold for at auction and adds two columns providing the actual value of each piece of equipment and the difference between the two amounts. Given that R&D was well aware that Mr. Johns' planned to utilize Mr. McGaffee to provide testimony as to the loss of value of the equipment, the surprise accompanied by Mr. Johns' amended disclosure was minimal.

As to the second factor, any surprise R&D suffered is curable inasmuch as the trial date has been moved to April 13, 2021, and discovery was reopened to allow Mr. McGaffee to be deposed, thus providing R&D with ample time to prepare. As such, there will be no disruption at trial by allowing Mr. McGaffee's testimony. While the fourth factor weighs against Mr. Johns as he provided no explanation for his late supplementation, it is not dispositive. As to the final factor, the importance of Mr. McGaffee's testimony is undoubtedly vital to Mr. Johns' claim for loss of value damages. Accordingly, Mr. Johns' late-rising amendments to his expert witness disclosure are harmless. The Court **DENIES** R&D's motion insofar as it moves to strike the opinions of Mr. McGaffee.

C.      **Evidence of Contract**

R&D next moves to exclude Mr. Johns from presenting any testimonial or other evidence of the alleged contract between R&D and MTI inasmuch as it is speculative and would be highly prejudicial. Specifically, R&D contends that while Mr. Johns responded in discovery that he understood an oral agreement existed between R&D and MTI, Mr. Johns has provided no evidence of the existence of such contract to date. Additionally, R&D asserts that Mr. Johns possesses no personal knowledge as to any alleged offer, acceptance, or consideration between R&D and MTI. As such, R&D contends that Mr. Johns "lacks sufficient evidence to demonstrate the existence of a contract, and the trier of fact lacks sufficient information to evaluate the existence of a contract as well as the allegation that the same was breached." [Doc. 84 at 2-3]. R&D further contends that permitting Mr. Johns to discuss a contract without first demonstrating one exists would be highly prejudicial and should be excluded under *Federal Rule of Evidence* 403.

Mr. Johns responds that R&D's assertion that no contract exists is an area for summary judgment, as opposed to a motion in limine, and R&D failed seasonably move for summary judgment. Nonetheless, Mr. Johns contends that the deposition testimony of Mr. Cook, the owner of both R&D and MTI, provides ample evidence for the jury to find the existence of a contract. Mr. Johns asserts that the question of whether a contract exists should be one for determination after the presentation of evidence.

The Court concludes that R&D's motion would have been more proper as a motion for summary judgment. Whether there is sufficient evidence to conclude that a contract existed between R&D and MTI is a question for the jury at this stage. Accordingly, R&D's motion is **DENIED**.

**II.**

Based on the foregoing, R&D's Motion in Limine #2 [**Doc. 83**] is **GRANTED IN PART** and **DENIED** as to its residue for the reasons discussed herein, and R&D's Motion in Limine #3 [**Doc. 84**] is **DENIED**.

The Clerk is directed to send a copy of this written opinion and order to counsel of record and to any unrepresented party.

ENTERED: March 12, 2021



Frank W. Volk
United States District Judge